# EXHIBIT "A"

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1288**

APR 08, 2021 05:31 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **LADARIUS LAMAR individually, and**<br>**acting as the parent of JUVENILE CHILD** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | CIVIL ACTION FILE |
| ) | NO. _____ |
| **ASSOCIATES ASSET RECOVERY, LLC.,** ) | |
| **and WESTLAKE PORTFOLIO** ) | |
| **MANAGEMENT** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

### COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Ladarius Lamar and files this Complaint against the above-named

Defendants, Associate Asset Recovery, LLC, and Westlake Portfolio Management, LLC., by

showing the Court the following:

### PARTIES AND NATURE OF THIS ACTION

1. Plaintiff Ladarius Lamar brings this action for damages against the Defendants for

   violations of Georgia law which include, but are not limited to, wrongful repossession,

   negligent training, negligent hiring, negligent retention, negligent supervision, false

   imprisonment, and intentional infliction of emotional distress.

2. Defendant Associate Asset Recovery, LLC. Is a foreign limited liability company

   organized under the laws of the state of South Carolina with its principal place of business

   at 3116 US Hwy. 41 South, Tifton, Georgia 31794. Associate Asset Recovery, LLC.

   conducts busines in the State of Georgia. Associate Asset Recovery, LLC.  may be served

   with a second original copy of the Summons and Complaint on its registered agent, Tony

Cooper, 3116 US Hwy. 41 South, Tifton, Georgia 31794. Defendant is subject to this jurisdiction and venue of this Court.

3. Defendant Westlake Portfolio Management, LLC. Is a foreign limited liability company organized under the laws of the state of California with its principal place of business at 4751 Wilshire Blvd., Suite 100, Los Angeles, California 90010. Westlake Portfolio Management, LLC. Conducts business in the state of Georgia. Westlake Portfolio Management, LLC. May be served with a copy of the Summons and Complaint on its registered agent, Corporate Creations Network, Inc. 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30006. Defendant is subject to this jurisdiction and venue of this Court.

## STATEMENT OF FACTS COMMON TO ALL CAUSES

4. At all times relevant hereto, Plaintiff owned a 2010 Nissan Maxima ("the vehicle").

5. The vehicle was financed through Westlake Portfolio Management, LLC.

6. At all times relevant hereto, Associate Asset Recovery, LLC was under contract and dispatched to repossess the vehicle by Westlake Portfolio Management, LLC.

7. On or about November 19, 2020, Plaintiff visited a Jet Food Store at 1966 N. Jefferson Street NE, Milledgeville, Georgia 31061.

8. Plaintiff entered the store while his two-year-old son continued to sleep in the back seat of the vehicle.

9. Plaintiff was inside the store for a short period of time. Upon exiting the store, Plaintiff realized his car was being towed away with his two-year-old son still inside.

10. Plaintiff pursued the tow truck on foot, but the tow truck did not stop.

11. A fellow Samaritan at the store offered to help Plaintiff. They pursued the tow truck in the Samaritan's vehicle.

12. During their pursuit, the tow truck was weaving in and out of traffic and conducting dangerous maneuvers.

13. Plaintiff caught up to the tow truck at a four way stop and blocked the tow truck in with the Samaritan's vehicle.

14. The tow truck then whipped around the parked vehicle and fled.

15. Plaintiff called 911 for emergency assistance.

16. The responding officers were able to stop the tow truck and return Plaintiff's two-year-old son.

17. Plaintiff received his two-year-old son and protested the towing of his vehicle.

18. Defendants did not check to see if there was a child in the vehicle before towing it.

19. There was a total of twenty seconds from the time the tow truck pulled into the Jet Food Store parking lot to the time the tow truck left the parking lot.

**COUNT ONE: WRONGFUL REPOSSESSION**

20. The acts described above constitute wrongful repossession by each and every Defendant.

21. Defendants did not follow proper repossession procedures and breached the peace by not checking the vehicle for children before repossession, continuing to repossess the vehicle after Plaintiff protested, and committing dangerous maneuvers while attempting to flee Plaintiff with Plaintiffs two-year-old son in the vehicle.

22. Repossession such as attempted by Defendants is a non-delegable duty and Westlake Portfolio Management, LLC. is liable for the conduct of its agents, to wit: Associate Asset Recovery, LLC.  in breaching the peace.

23. Accordingly, plaintiff is entitled to relief including, but not limited to, 1) actual damages, and general damages, 2) costs, 3) a reasonable attorney's fee; 4) an award of punitive damages to penalize and punish defendants and to deter defendants from repeating such actions again in the future.

## COUNT TWO: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Defendants' conduct was intentional and/or reckless and was extreme and outrageous and caused Plaintiff and his juvenile child severe emotional distress for which Plaintiff is entitled an award of general and punitive damages to be determined by the enlightened conscious of a fair and impartial jury.

## COUT THREE: FALSE IMPRISONMENT

25. Defendant Associate Asset Recovery, LLC. and its employees' actions constitute false imprisonment in violation of the laws of Georgia.

26. Defendants towed Plaintiff's vehicle with his two-year-old son in the back seat and prevented Plaintiff' son from leaving the vehicle. Plaintiff's son was deprived of his personal liberty.

27. Accordingly, Plaintiff is entitled to relief including, but not limited to, (1) general damages to be determined by the enlighten conscious of a jury; and (4) an award of

punitive damages to penalize and punish defendants and to deter defendants from repeating such actions again in the future.

### COUNT FOUR: NEGLIGENT HIRING, RETINTION, TRAINING AND SUPERVISION

28. Defendants' actions constitute negligent hiring. retention, training, and supervision in violation of the laws of Georgia.

29. Defendant Associate Asset Recovery, LLC. and its employees did not follow the proper procedure to repossess the vehicle by not checking the vehicle for children before repossession, continuing to repossess the vehicle after Plaintiff protested, and committing dangerous maneuvers while attempting to flee Plaintiff with Plaintiffs two-year-old son in the vehicle.

30. Westlake Portfolio Management, LLC. hired Associate Asset Recovery, LLC.  who through the conduct of its employees have posed a risk of harm to others by acting unprofessionally and not following proper procedure. It was reasonably foreseeable that this risk of harm posed could cause the harm sustained by the Plaintiff.

31. Accordingly, plaintiff is entitled to relief including, but not limited to, 1) actual damages, and general damages, 2) costs, 3) a reasonable attorney's fee; 4) an award of punitive damages to penalize and punish defendants and to deter defendants from repeating such actions again in the future.

### COUNT FIVE: PUNITIVE DAMAGES

32. At all relevant times hereto, Defendants conduct in imprisoning Plaintiff's son, breaching the peace, and wrongful repossession was wanton and willful and/or reckless with a

5

conscious indifference to the consequences such that an award of punitive damages is warranted.

## PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against Defendants as follows:

a) That Plaintiff be awarded actual, special, general, nominal, exemplary and punitive damages;

b) That Plaintiff be awarded the expenses of litigation including costs and a reasonable attorney's fee;

c) That the Court declare each and every defense raised by defendants to be insufficient;

d) That there be a trial by a jury of twelve persons; and

e) That the Court grant such further and additional relief to the plaintiff as is just in the circumstances.

This the 8th  day of April,  2021.

                                                    Respectfully  submitted,


                                                    /s/Jonathan  P.  Sexton
                                                    JONATHAN  P.  SEXTON
                                                    Georgia Bar  No.  636482

SEXTON LAW FIRM,  LLC.
124 Atlanta Street
McDonough, GA 30253
P (770) 474-9335
F (866) 529-0828
jsexton@sextonlawfirm.com

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-A-1288</u>

$248.00 COST PAID

Lamar, Ladarius
_____

**PLAINTIFF**

**VS.**

Associate Asset Recovery, LLC
Westlake Portfolio Management, LLC
_____

**DEFENDANTS**

**SUMMONS**

TO: ASSOCIATE ASSET RECOVERY, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jonathan P Sexton**
> **Sexton Law Firm LLC**
> **124 Atlanta Street**
> **McDonough, Georgia 30253**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of April, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-A-1288</u>

$248.00 COST PAID

Lamar, Ladarius

_____
**PLAINTIFF**

**VS.**

Associate Asset Recovery, LLC
Westlake Portfolio Management, LLC

_____
**DEFENDANTS**

**SUMMONS**

TO: WESTLAKE PORTFOLIO MANAGEMENT, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jonathan P Sexton**
> **Sexton Law Firm LLC**
> **124 Atlanta Street**
> **McDonough, Georgia 30253**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of April, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

**General Civil and Domestic Relations Case Filing Information Form**

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1288**

APR 08, 2021 05:31 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

☐ **Superior** or ☑ **State Court of** Cobb _____ **County**

| For Clerk Use Only |
|---|
| **Date Filed** 04-08-2021     **Case Number** 21-A-1288 |
| **MM-DD-YYYY** |

**Plaintiff(s)**

Lamar, Ladarius

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Associate Asset Recovery, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Westlake Portfolio Management, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Sexton, Mr. Jonathan P     **Bar Number** 636486     **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____21-A-1288_____

Date Filed _____

Attorney's Address   **Sexton, Mr. Jonathan P**
**Sexton Law Firm LLC**
**124 Atlanta Street**
**McDonough, GEORGIA 30253-**

Name and Address of Party to be Served.
**Westlake Portfolio Management, LLC**

**Corp. Creations Network, Inc.2985 Gordy PKwy 1 Flr**

**Marietta, GEORGIA 30006**

| | |
|---|---|
| Superior Court | ☐ |
| State Court | ☒ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | |

Georgia, _____**COBB**_____

🖃 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1288**

APR 27, 2021 03:21 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

COUNTY

Lamar, Ladarius
_____

_____
Plaintiff

VS.

Associate Asset Recovery, LLC; Westlake Portfolio
Management, LLC
_____
Defendant

_____

_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant_____by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of defendant.

**CORPORATION** ☑ Served the defendant _Westlake Portfolio Management, LLC_ a corporation by leaving a copy of the within action and summons with _Corp. Creations Network Inc_ in charge of the office and place of doing business of said Corporation in the County.  _C/O Xiumora Modezuma_

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this court.

This _16_ day of _Apl_, 20 _21_

_____ _1630_
Deputy

**PLAINTIFF COPY**

_R. 4/22/21_ VI8

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1288**

**MAY 11, 2021 10:55 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

LADARIUS LAMAR individually, and
acting as the parent of JUVENILE CHILD,

      Plaintiff,

v.

ASSOCIATES ASSET RECOVERY, LLC,
and WESTLAKE PORTFOLIO MANAGEMENT,

      Defendants.

**Civil Action**
**File No. 21-A-1288**

### STIPULATION & AGREEMENT TO EXTENSION OF TIME

COMES NOW, **LADARIUS LAMAR individually, and acting as the parent of JUVENILE CHILD**, plaintiff in the above-styled civil action, by and through his undersigned counsel of record, and hereby stipulates and agrees that the time in which all defendants in the above-styled action have to file their **Answers to Plaintiff's Complaint** is extended through **May 24, 2021**. It is further stipulated and agreed that all defendants in the above-styled action have shall have through and including **June 8, 2021,** to respond to the **Plaintiff's First Continuing Interrogatorie**s, **Plaintiff's First Continuing Request for Production of Documents**, and **Plaintiff's Requests for Admission**.

This 11ᵗʰ day of May, 2021.

/s/ *Jonathan P. Sexton*

Jonathan P. Sexton, Esq.
Georgia Bar No. 636482
*[signed with express permission by Roger S. Sumrall]*
**SEXTON LAW FIRM, LLC**
124 Atlanta Street
McDonough, Georgia 30253
770-474-9335
jsexton@sextonlawfirm.com
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing

**STIPULATION & AGREEMENT TO EXTENSION OF TIME** upon counsel of record via the

Peach Court electronic filing system addressed as follows:

Jonathan P. Sexton, Esq.
Sexton Law Firm, LLC
jsexton@sextonlawfirm.com

This 11th day of May, 2021.

Respectfully submitted,

**BENDIN SUMRALL & LADNER, LLC**

**ROGER S. SUMRALL**
Georgia Bar Number 004490
**PAIGE A. COBBS**
Georgia Bar Number 353550
One Midtown Plaza, Suite 800
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309
P: 404.671.3100
F: 404.671.3080
E: RSumrall@bsllaw.net
E: PCobbs@bsllaw.net

*Attorneys for Defendant*
*Associates Asset Recovery, LLC*

**SHERIFF'S ENTRY OF SERVICE**

Mail / 33852

| | | | |
|---|---|---|---|
| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Civil Action No. _____ 21-A-1288 _____

Date Filed _____

Georgia, **COBB** _____ COUNTY

Attorney's Address   Sexton, Mr. Jonathan P
Sexton Law Firm LLC
124 Atlanta Street
McDonough, GEORGIA 30253-

Lamar, Ladarius
_____
_____
Plaintiff

VS.
Associate Asset Recovery, LLC; Westlake Portfolio

Name and Address of Party to be Served.
**Associate Asset Recovery, LLC**
**% Tony Cooper, Reg Agent for Service of Process**
**3116 US Hwy 41 South**
**Tifton, GA 31794**

Management, LLC
_____
Defendant
_____
_____
Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.
☐
Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant   Associate Asset Recovery _____a corporation
☒ by leaving a copy of the within action and summons with   Tammy Langston _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _____day of ___May_____, 20 _21_

_____
Deputy

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1288**

**MAY 20, 2021 02:39 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

LADARIUS LAMAR individually, and
acting as the parent of JUVENILE CHILD,

     Plaintiff,

v.

ASSOCIATES ASSET RECOVERY, LLC,
and WESTLAKE PORTFOLIO MANAGEMENT,

     Defendants.

**Civil Action
File No. 21-A-1288**

## STIPULATION & AGREEMENT TO EXTENSION OF TIME

COMES NOW, **LADARIUS LAMAR individually, and acting as the parent of JUVENILE CHILD**, plaintiff in the above-styled civil action, by and through his undersigned counsel of record, and hereby stipulates and agrees that the time in which defendant **Westlake Portfolio Management** has to file its **Answer to Plaintiff's Complaint** is extended through **June 7, 2021**. It is further stipulated and agreed that defendant **Westlake Portfolio Management** shall have through and including **June 22, 2021,** to respond to the **Plaintiff's First Continuing Interrogatorie**s, **Plaintiff's First Continuing Request for Production of Documents**, and **Plaintiff's Requests for Admission**.

This 20th day of May, 2021.

/s/ *Jonathan P. Sexton*

Jonathan P. Sexton, Esq.
Georgia Bar No. 636482
*[signed with express permission by Roger S. Sumrall]*
**SEXTON LAW FIRM, LLC**
124 Atlanta Street
McDonough, Georgia 30253
770-474-9335
jsexton@sextonlawfirm.com
*Attorney for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this day served a true and correct copy of the foregoing

**STIPULATION & AGREEMENT TO EXTENSION OF TIME** upon counsel of record via the

Peach Court electronic filing system addressed as follows:

Jonathan P. Sexton, Esq.
Sexton Law Firm, LLC
jsexton@sextonlawfirm.com

This 20th day of May, 2021.

Respectfully submitted,

**BENDIN SUMRALL & LADNER, LLC**

_____
**ROGER S. SUMRALL**
Georgia Bar Number 004490
**PAIGE A. COBBS**
Georgia Bar Number 353550
One Midtown Plaza, Suite 800
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309
P: 404.671.3100
F: 404.671.3080
E: RSumrall@bsllaw.net
E: PCobbs@bsllaw.net

*Attorneys for Defendant*
*Associates Asset Recovery, LLC*

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1288**

**MAY 20, 2021 02:45 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

LADARIUS LAMAR, individually, and          )
Acting as the parent of JUVENILE CHILD,    )
                                           )
            Plaintiffs,                     )
                                           )     CIVIL ACTION
vs.                                        )
                                           )     FILE NO. 21-A-1288
ASSOCIATES ASSET RECOVERY, LLC,            )
and WESTLAKE PORTFOLIO                     )
MANAGEMENT,                                )
                                           )
            Defendants.                     )
_____   )

## NOTICE OF FILING SHERIFF'S ENTRY OF SERVICE

COME NOW, PLAINTIFFS, LADARIUS LAMAR, individually, and acting as the parent

of Juvenile Child, by and through their undersigned counsel, and files this NOTICE OF FILING

SHERIFF'S ENTRY OF SERVICE regarding service on Defendant, ASSOCIATE ASSET

RECOVERY, LLC, which is attached hereto.

This 20ᵗʰ day of May, 2021.

SEXTON LAW FIRM, LLC                    _____
124 Atlanta Street                      Jonathan P. Sexton
McDonough, GA 30253                     Georgia Bar No. 636486
770-474-9335 / 866-529-0828 fax         *Attorney for Plaintiffs*
jsexton@sextonlawfirm.com

## SHERIFF'S ENTRY OF SERVICE

mail 33852

Civil Action No. _____ 21-A-1288 _____

Date Filed _____

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, _____ **COBB** _____ COUNTY

Attorney's Address   Sexton, Mr. Jonathan P
Sexton Law Firm LLC
124 Atlanta Street
McDonough, GEORGIA 30253-

Lamar, Ladarius
_____

_____
                                                                 Plaintiff

VS.

Associate Asset Recovery, LLC; Westlake Portfolio

Name and Address of Party to be Served.
**Associate Asset Recovery, LLC**
**% Tony Cooper, Reg Agent for Service of Process**
**3116 US Hwy 41 South**
**Tifton, GA 31794**

Management, LLC
_____
                                                                 Defendant

_____

_____
                                                                 Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant  Associate Asset Recovery _____ a corporation
☐ by leaving a copy of the within action and summons with  Tammy Langston _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This 11th day of _____ May _____, 20 21 _____

_____
                              Deputy

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

LADARIUS LAMAR individually, and
acting as the parent of JUVENILE CHILD,

     Plaintiff,

v.

ASSOCIATES ASSET RECOVERY, LLC,
and WESTLAKE PORTFOLIO MANAGEMENT,

     Defendants.

**Civil Action**
**File No. 21-A-1288**

**NOTICE OF FILING OF DEFENDANT**
**ASSOCIATES ASSET RECOVERY, LLC's NOTICE OF REMOVAL**

COMES NOW, **ASSOCIATES ASSET RECOVERY, LLC**, Defendant in the above-styled matter, and states that it has, on this 24th day of May, 2021, filed its Notice of Removal, a copy of which is attached hereto, in the Office of the Clerk of the United States District Court for the Northern District of Georgia, Atlanta Division.

This 24th day of May, 2021.

     Respectfully submitted,

     **BENDIN SUMRALL & LADNER, LLC**

     _____
     **ROGER S. SUMRALL**
     Georgia Bar Number 004490
     **BRIAN D. TRULOCK**
     Georgia Bar No. 559510
     One Midtown Plaza, Suite 800
     1360 Peachtree Street, N.E.
     Atlanta, Georgia 30309
     P: 404.671.3100
     E: RSumrall@bsllaw.net
     E: BTrulock@bsllaw.net
     *Attorney Defendant AAR*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the foregoing

**NOTICE OF FILING OF DEFENDANT ASSOCIATES ASSET RECOVERY, LLC's**

**NOTICE OF REMOVAL** upon counsel of record via statutory electronic service and the Peach

Court electronic filing system addressed as follows:

Jonathan P. Sexton, Esq.
**SEXTON LAW FIRM, LLC**
jsexton@sextonlawfirm.com

This 24th day of May, 2021.

_____
**ROGER S. SUMRALL**
Georgia Bar Number 004490

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

LADARIUS LAMAR individually, and
acting as the parent of JUVENILE CHILD

    Plaintiff,

v.

                                      Civil Action
                                      File No. 21-A-1288

ASSOCIATES ASSET RECOVERY, LLC,
and WESTLAKE PORTFOLIO MANAGEMENT,

    Defendants.

## AFFIDAVIT OF HOWARD WILLIAMSON

Personally appeared before me, the undersigned authority, Howard Williamson, who after being duly sworn, deposes and says:

1.      My name is Howard Williamson, I am over the age of 18, and I give this affidavit based on my own personal knowledge.

2.      I am employed as Comptroller by Associates Asset Recovery, LLC (hereinafter "AAR"). I understand that this affidavit will be used in support of AAR's Notice of Removal.

3.      Attached as Exhibit "A" hereto is a true and accurate copy of the settlement demand in the amount of $150,000 which was forwarded to AAR by counsel for plaintiff on January 4, 2021.

FURTHER THE AFFIANT SAYETH NAUGHT.

EXHIBIT "B"

This 24th day of May, 2021.

_____
HOWARD WILLIAMSON, Affiant

Sworn to and subscribed before me
this 24th day of May, 2021.

_____
Notary Public
My commission expires: 4-12-2026

BRANDY HAYES
Notary Public-State of South Carolina
My Commission Expires
April 12, 2026



**SEXTON LAW FIRM, LLC.**
124 Atlanta Street
McDonough, GA 30253

**Jonathan P. Sexton**
*Admitted GA and FL*

Telephone 770-474-9335
Facsimile 866-529-0828
jsexton@sextonlawfirm.com

January 4, 2021

**VIA FEDEX TWO DAY MAIL**

Westlake Portfolio Management
PO Box 76809
Los Angeles, CA  90054-0809

Associates Asset & Recovery, LLC.
3601 E Palmetto St.
Florence, SC 29506

**RE: Our Client: LaDarius Lamar**
**Date of Incident: November 19, 2020**

To Whom It May Concern,

As you know, our office represents LaDarius Lamar as a result of a repossession incident that occurred on November 19, 2020 caused by Associates Asset Recovery, LLC. This is an attempt to present the facts and law of this claim with a view toward amicable settlement. As such, any statement contained herein, or exhibits attached hereto are inadmissible at trial under Georgia law pursuant to O.C.G.A. § 24-4-408.

## I. FACTS

On November 19, 2020, Ladarius Lamar visited Wal-Mart to get his daughter a phone. During this time, Mr. Lamar's two-year-old son was waiting in his vehicle. Mr. Lamar's son was sleeping in his car seat with a blanket over his legs. Mr. Lamar was in Wal-Mart for a short period of time before returning to his vehicle. Following, Mr. Lamar visited a Jet Food Store at 1966 N. Jefferson Street NE, Milledgeville, GA 31061 to meet his wife. Mr. Lamar went into the Jet Food store while his two-year-old son continued to sleep in the back seat of his vehicle. Mr. Lamar was in the store for a short period of time. When he exited the store, he realized his car was being towed away with his two-year-old son still inside. Mr. Lamar pursued the tow truck on foot, but the tow truck did not stop. A fellow

Page 18

**EXHIBIT "A"**

Samaritan at the gas station offered to help Mr. Lamar. They pursued the tow truck in his vehicle. During their pursuit, the tow truck was weaving in and out of traffic. Eventually they were able to catch up to the tow truck at a four way stop and parked their vehicle in front of it. Following, the tow truck whipped around the parked vehicle and continued to flee. At this point, Mr. Lamar called 911 for emergency assistance. The responding officers were eventually able to stop the tow truck and return Mr. Lamar's two-year-old son. (See Accident Report attached as "Exhibit A" and Jet Food Store Video attached as "Exhibit B")

Associates Asset Recovery, LLC. claimed that their agent was in the Wal-Mart parking lot while Mr. Lamar was in the store and at this time the agent verified the vehicle identification number. The agent claimed that she did not see Mr. Lamar's son in the backseat. The agent claimed she saw trash, clothes, and a blanket in the back seat. Following, Associates Asset Recovery, LLC. claimed when Mr. Lamar walked into the Jet Food Store, a secondary agent verified the correct vehicle, did not see anyone in the vehicle, secured the vehicle, and left the area. As shown in "Exhibit B", there was a total of twenty seconds from the time that the tow truck pulled into the parking lot to the time it left the parking lot. Therefore, the agent did not have time to check the vehicle to see if there was a child inside. The videorecording does not show any agent exiting the tow truck. Moreover, during the 911 call, the driver of the tow truck admitted that the child was in his car seat. Additionally, Associates Asset Recovery, LLC. claimed their agent was not fleeing or driving recklessly, stopped when Mr. Lamar's vehicle pulled in front of him, and waited for police to arrive. This claim is false. In the police report, the driver of the tow truck stated that he "thought that Lamar was trying to hurt him by chasing him down". In the 911 recording, the driver of the tow truck stated, "he is chasing us like a bat out of hell". Moreover, the Samaritan helping Mr. Lamar was a witness to the chase and the dangerous maneuvers of the tow truck driver. After the tow truck finally stopped, Ladarius Lamar received his son and protested the towing of his vehicle. Because the vehicle was still towed after Ladarius Lamar's protest, Associates Asset Recovery, LLC committed a breach of peace. (See Accident Report attached as "Exhibit A", Jet Food Store Video attached as "Exhibit B", Associates Asset Recovery, LLC letter attached as "Exhibit C", Mr. Lamar's 911 recording attached as "Exhibit D", and AA&R's 911 Recording attached as "Exhibit E")

Further, Associates Asset Recovery, LLC. claimed neither agent saw the child under the blanket and did not intentionally take the vehicle with a child nor did they foresee a small child being left unattended in a vehicle in a parking lot. Mr. Lamar's car has a keyless entry feature and it was not hot outside. Under these circumstances, it is foreseeable that a child may be left in a vehicle for a short period of time. Lastly, Associates Asset Recovery, LLC. claimed that Mr. Lamar stated the incident was his fault. Mr. Lamar never stated that the incident was his fault and there is no evidence to point to that conclusion. (See Accident Report attached as "Exhibit A", Jet Food Store Video attached as "Exhibit B", Associates

EXHIBIT "A"   Page 24 of 7

Asset Recovery, LLC letter attached as "Exhibit C", Mr. Lamar's 911 recording attached as "Exhibit D", and AA&R's 911 Recording attached as "Exhibit E")

## II. LEGAL LIABILITY

### A. FALSE IMPRISONMENT

Associates Asset Recovery, LLC. repossessed Mr. Lamar's vehicle with his two-year-old son inside. Mr. Lamar was forced to chase down the tow truck. During this time, La'Darius Lamar Jr. was trapped inside of the vehicle. As a result, he was deprived of his personal liberty. Thus, La'Darius Lamar Jr. was falsely imprisoned. The law in Georgia is clear and is set forth in O.C.G.A. § 16-5-32 which states:

> (a) A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority.

> (b) A person convicted of the offense of false imprisonment shall be punished by imprisonment for not less than one nor more than ten years.

> (c) Any person convicted under this Code section wherein the victim is not the child of the defendant and the victim is less than 14 years of age shall, in addition, be subject to the sentencing and punishment provisions of Code Section 17-10-6.2.

O.C.G.A § 16-5-32 (emphasis added)

Further, for purposes of a civil action, False Imprisonment is defined as the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty. O.C.G.A. § 51-7-20. [T]he imprisonment need not be for more than an appreciable length of time, and . . . it is not necessary that any damage result from it other than the confinement itself, since the tort is complete with even a brief restraint of the plaintiff's freedom. J. H. Harvey Co. v. Speight, 178 Ga. App. 812, 813 (1986).

### B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To prevail on a claim for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendants' conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the wrongful conduct and the plaintiff's emotional distress; and (4) the emotional distress was severe. Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress

Page 3 of 7

**EXHIBIT "A"**

is a question of law. OnBrand Media v. Codex Consulting, Inc., 301 Ga. App. 141, 141 (2009).

Here, Associates Asset Recovery, LLC's conduct during this incident was reckless, extreme, and outrageous. As shown in "Exhibit B", there was a total of twenty seconds from the time that the tow truck pulled into the parking lot to the time it left the parking lot. Therefore, Associates Asset Recovery, LLC's agent did not have time to check to see if anyone was in the vehicle. Lamar's vehicle did not have tinted windows and there was no reason that the child could not be seen in the back seat in a car seat. Thus, Associates Asset Recovery, LLC did not conduct a reasonable search to see if Lamar's son was in the back seat of his vehicle. Moreover, while being pursued, Associates Asset Recovery, LLC's agent was weaving in and out of traffic with a two-year-old child in a car that was in tow. Even after being stopped by Mr. Lamar, the agent whipped around the vehicle and fled. Thus, the agent of Associates Asset Recovery, LLC's actions were reckless, extreme, and outrageous.

Mr. Lamar suffered from severe emotional distress as a result of Associates Asset Recovery, LLC's conduct. Mr. Lamar's two-year-old child was taken from him while he was in the store. When the tow truck was pulling away, Mr. Lamar was pursuing the tow truck on foot but it did not stop. The child was not safe in the back seat of his vehicle while it was being towed and it is a parent's intuition to assume that his or her child is being kidnapped when someone is driving off with their child. Additionally, Mr. Lamar and a fellow Samaritan were forced to chase down the tow truck while it was driving dangerously with his child. As a result of Associates Asset Recovery, LLC's actions, Mr. Lamar experienced extreme emotional distress.

## C. WRONGFUL REPOSSESSION

Associates Asset Recovery, LLC. beached the peace when its agent repossessed Mr. Lamar's vehicle. The law in Georgia is clear and is set forth in O.C.G.A. § 11-9-609 which states:

> (a) Possession; rendering equipment unusable; disposition on debtor's premises. After default, a secured party:
>
> (1) May take possession of the collateral; and
>
> (2) Without removal, may render equipment unusable and dispose of collateral on a debtor's premises under Code Section 11-9-610.
>
> (b) Judicial and nonjudicial process. A secured party may process under subsection (a) of this Code Section:

Page 4 of 7

**EXHIBIT "A"**

(1) Pursuant to judicia process; or

(2) Without judicial process, if it proceeds without breach of the peace.

O.C.G.A § 11-9-609 (emphasis added).

The Courts of this State have consistently held that this is a nondelegable duty of the secured. *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813, 819 (1969) ("while the defendant, through its agents, had the right to peacefully enter the premises and obtain its property, the defendant would be responsible for any tortious acts committed during the repossession"); *Lewis v. Nicholas Fin., Inc.*, 300 Ga. App. 888, 889 (2009) ("Because the secured creditor's duty to accomplish a nonjudicial repossession without breaching the peace is statutory, that duty is nondelegable even though the creditor hires another party to perform the repossession. There is nothing in OCGA § 11-6-609 that allows a secured party to avoid liability for a wrongful repossession by simply delegating this duty to an independent contractor").

The term breach of the peace is a general term and includes "all violations of the public peace or order or decorum." See generally *Sanders v. City of Columbus*, 140 Ga. App. 441 (3) (231 SE2d 473) (1976). The majority of courts find a breach of peace by any creditor who repossesses over the unequivocal oral protest of the defaulting debtor. *Hopkins v. First Union Bank*, 193 Ga. App. 109, 109 (1989). Public policy is clearly in favor of a rule that an oral protest is sufficient to foreclose non-judicial possession because it does not beckon the repossessing creditor to the brink of violence. <u>Id</u>.

Here, when Associates Asset Recovery, LLC's agent was repossessing Mr. Lamar's vehicle, Mr. Lamar's two-year-old son was in the back of the vehicle. Mr. Lamar was chasing down the tow truck before it left the parking lot. Further, Mr. Lamar and a fellow Samaritan chased down the tow truck. While doing so, Associates Asset Recovery, LLC's agent was driving dangerously and was aware that he was being chased. Even after blocking the tow truck in at a four way stop, Associates Asset Recovery, LLC's agent did not stop. The police were called and assisted Mr. Lamar in stopping the tow truck. At this time, Mr. Lamar received his son and protested the towing of his vehicle. After the protest, the vehicle was still towed. As a result, Associates Asset Recovery, LLC's actions breached the peace.

### III. DAMAGES

### A. GENERAL DAMAGES FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

EXHIBIT "A"

SEXTON

O.C.G.A. § 51-12-5.1 provides in pertinent part:

(a) General damages are those which the law presumes to flow from any tortious act; they may be recovered without proof of any amount

Here, Associates Asset Recovery, LLC's conduct in towing Mr. Lamar's vehicle while his two-year-old son was still inside, driving dangerously, and attempting to evade Mr. Lamar when he was pursuing the tow truck resulted in severe emotional distress. Thus, Mr. Lamar may recover general damages for his severe emotional distress.

## B. PUNITIVE DAMAGES FOR FALSE IMRISONMENT AND WRONGFUL REPOSSESSION

O.C.G.A. § 51-12-5.1 provides in pertinent part:

(a) As used in this Code section, the term "punitive damages" is synonymous with the terms "vindictive damages," "exemplary damages," and other descriptions of additional damages awarded because of aggravating circumstances in order to penalize, punish, or deter a defendant.

(b) Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

Here, Associates Asset Recovery, LLC's conduct in imprisoning Mr. Lamar's two-year-old son within the car and towing the vehicle with him in it as well as wrongfully repossessing the vehicle was wanton and willful and/or reckless with a conscious indifference to the consequences such that an award of punitive damages is warranted. **Punitive damages will be determined by the enlightened conscious of a jury who will have all relevant records. Any such award will not have a cap on it.**

## III. OFFER OF COMRPOMISE AND SETTLEMENT

As an offer of compromise and settlement, a demand for ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) is extended to you to settle this claim. I feel confident that if this case were to go to trial, an impartial jury would render a verdict in excess of the same.

Pursuant to O.C.G.A. § 51-12-14, known as the "Unliquidated Damages Interest Act," this letter will serve as written formal notice by certified mail that

Page 6 of 7

**EXHIBIT "A"**

SEXTON

we are asserting an unliquidated damage claim in this personal injury action against your insured for the amount set forth above.

If payment of the demand amount is not made within thirty (30) days of the mailing of this notice, the claimant will be entitled to receive interest on the claimed sum. The interest provided for by this code section shall begin to run from the thirtieth day following the date of the mailing of this written notice until the date of judgment.

## IV. CONCLUSION

Based on the above, it is clear that Associates Asset Recovery, LLC and its agents, wrongfully repossessed Mr. Lamar's vehicle, falsely imprisoned Mr. Lamar's two-year-old son and caused Mr. Lamar severe emotional distress. Associates Asset Recovery, LLC's actions, along with the damages caused to Mr. Lamar, merit an award based upon the circumstances.

If you need further information or have any questions, please call me. I look forward to your response.

Very truly yours,

Jonathan P. Sexton

JPS/
List of Attached Exhibits
Exhibit A: Accident Report
Exhibit B: Jet Food Store Video
Exhibit C: Associates Asset Recovery, LLC letter
Exhibit D: Mr. Lamar's 911 Recording
Exhibit E: AA&R's 911 Recording

**EXHIBIT "A"**