## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Ladarius Lamar, *individually and acting as the parent of Juvenile Child*,

                Plaintiff,

v.

Associates Asset Recovery, LLC and Westlake Portfolio Management,

                Defendants.

Case No. 1:21-cv-2166-MLB

_____/

## OPINION & ORDER

On behalf of himself and his minor son, Plaintiff Ladarius Lamar sued Defendants Associates Asset Recovery, LLC ("AAR") and Westlake Portfolio Management.  (Dkt. 1-1 at 2–7.)  Defendants move to dismiss, and Plaintiff moves to add parties, substitute a party, and correct a misnomer.  (Dkts. 7; 12; 16.)  The Court grants Plaintiff's motion, denies Defendants' motion as moot in the light of the amended complaint, and remands this action to the State Court of Cobb County, Georgia.

## I.    Background

On November 19, 2020, Plaintiff entered a Jet Food Store while his two-year-old son slept in the back seat of Plaintiff's car. (Dkt. 1-1 at 3.) Upon exiting the store, Plaintiff saw his car being towed away with his son still inside. (*Id.*) Plaintiff pursued the tow truck on foot, but the tow truck did not stop. (*Id.*) An unidentified person at the store offered to help Plaintiff, and they pursued the tow truck in that person's car. (*Id.* at 4.) During the pursuit, the tow truck weaved in and out of traffic and drove erratically. (*Id.*) Plaintiff caught up to the tow truck at a four way stop and blocked the tow truck in with the car. (*Id.*) The tow truck whipped around the parked car and fled. (*Id.*) Plaintiff called 911 for emergency assistance. (*Id.*) The responding officers stopped the tow truck and returned Plaintiff's son. (*Id.*) Plaintiff's car was financed through Westlake. (*Id.* at 3.) He alleges AAR, at the request of Westlake, wrongfully repossessed Plaintiff's car. (*Id.* at 4–5.)

In the State Court of Cobb County, Georgia, Plaintiff sued AAR and Westlake for wrongful repossession; intentional infliction of emotional distress; false imprisonment; negligent hiring, retention, training, and supervision; and punitive damages. (*Id.* at 2–7.) AAR and Westlake

removed the case to this Court and moved to dismiss.  (Dkts. 1; 7.)
Plaintiff seeks to (1) add Marvin L. Thompson, Maria Williamson, and
Alan Stevenson (AAR employees who allegedly conducted the
repossession) as defendants; (2) change the capacity of Plaintiff from
"Ladarius Lamar, individually and acting as parent of Juvenile Child" to
"Ladarius Lamar, individually and as parent of L.L., a minor"; (3) correct
Westlake's name; and (4) add agency language to clarify part of the
complaint. (Dkts. 12; 16.)[1]  Defendants object to the first request. (Dkt.
20.)

## II.   Discussion

### A.   Adding Thompson, Williamson, and Stevenson

Plaintiff seeks to add three AAR employees (Thompson,
Williamson, and Stevenson) who participated in the repossession of

---

[1] On June 10, 2021, Plaintiff filed a motion for leave to add parties,
substitute a party, and correct a misnomer. (Dkt. 12.) On June 23, 2021,
Plaintiff filed an amended motion, which seeks the same relief as the
original motion with one exception. (Dkt. 16 at 1–2.) The original motion
sought to substitute the full name of Plaintiff's minor child in the place
of "Juvenile Child." The amended motion, however, moves to substitute
the initials of his minor child (rather than the child's full name) in order
to comply with this Court's Standing Order 19-01, which provides that
only the initials of a minor child should be used.

Plaintiff's car as defendants.  (Dkt. 12 at 3–7.)  Defendants argue this request should be denied because Plaintiff is trying to destroy diversity jurisdiction.   (Dkt. 20 at 4.)   Plaintiff admits the joinder of these employees will destroy complete diversity of citizenship.  (Dkt. 12 at 3.) Plaintiff is a citizen of Georgia (Dkt. 1 ¶ 7), and the employees are citizens of Georgia (Dkts. 26; 27; 28).

Under 28 U.S.C. § 1447(e), "[i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Accordingly, in such a situation, courts have "only two options: (1) deny joiner; or (2) permit joinder and remand [the] case to state court."  *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).  In deciding whether joinder of a nondiverse defendant is appropriate, courts consider four factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities.  *Dever v. Fam. Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (per curiam) (citing

4

*Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  The court has broad discretion in weighing these factors.  *Id.*  And "[b]ecause the court's decision will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Hensgens*, 833 F.2d at 1182.

### 1.   Plaintiff's Purpose

The first factor is the extent to which the purpose of the amendment is to defeat federal jurisdiction.  Defendants argue Plaintiff was aware the employees were involved in the repossession of his car "well before" he filed suit in state court because Plaintiff saw his car being towed away and protested the towing of his car.  (Dkt. 20 at 7.)  While it is true Plaintiff knew AAR employees were involved in the repossession, he did not know the identity of those employees until recently.  When discovery began,  Plaintiff  sought  the  identity  of  these  employees  via interrogatories: "Please IDENTIFY all persons who are known or are claimed by you to have knowledge of the incident which forms the basis of the complaint.  Specifically, please identify all persons involved in the repossession of the subject vehicle including but not limited to spotters

and/or tow truck drivers." (Dkt. 12 at 4; *see* Dkt. 12-2 at 3.)  On June 8, 2021, AAR responded to this interrogatory by identifying "Police Officer Aaron Brown; Unknown Witness; Spotter, Maria Williamson; Tow Truck Driver, Alan Stevenson; AAR Employee and Branch Manager, Lee Thompson; Brandy Hayes, Compliance Manager." (Dkt. 12 at 5; *see* Dkt. 12-2 at 3.)  Plaintiff then filed the instant motion two days later.  (Dkt. 12.)   Plaintiff says he intended "all along" to add these employees following the disclosure of their names and addresses in discovery.  (*Id.* at 4.)  The Court finds Plaintiff's purpose was not to defeat diversity jurisdiction.  This factor favors permitting the amendment.

## 2.    Timeliness

The second factor is whether Plaintiff was dilatory in asking for joinder.  This action was initiated on April 8, 2021 and removed on May 24, 2021.  (Dkt. 1.)  Plaintiff moved to add these employees on June 10, 2021—only two months after filing suit, less than three weeks after removal, and only two days after learning the identity of the employees.  Such conduct cannot be described as dilatory.  *See, e.g.*, *Quattlebaum v. Fed. Express Corp.*, No. 1:19-cv-210-ALB, 2019 WL 2518337, at *3 (M.D. Ala. June 18, 2019) (finding two months after removal was not dilatory);

*Dever v. Fam. Dollar Stores of Ga., LLC*, No. 2:17-cv-19, 2018 WL 6323078, at *3 (S.D. Ga. Dec. 3, 2018) (finding a month and a half after removal was not dilatory); *Starnes Davis Florie, LLP v. GOS Operator, LLC*, No. 12-0387-WS-N, 2012 WL 3870413, at *4 n.10 (S.D. Ala. Sept. 5, 2012) (finding about a month after removal was not dilatory); *Jarriel v. Gen. Motors Corp.*, 835 F. Supp. 639, 641 (N.D. Ga. 1993) (finding the plaintiff was not dilatory where "he moved to add [the non-diverse defendant] approximately two (2) months after he filed the original suit"). *But see Turner v. Wal-Mart Stores E., LP*, No. 7:11-cv-181, 2012 WL 6048949, at *2 (M.D. Ga. Dec. 5, 2012) (finding almost eleven months after removal and two months before discovery ended was dilatory).  This factor strongly favors permitting the amendment.

### 3.   Harm to Plaintiff

The third factor is whether Plaintiff will be significantly injured if joinder is not allowed.  Defendants do not address this factor.  (*See* Dkt. 20.)  Plaintiff contends he will be significantly injured if he is not allowed to join the employees as defendants because "their misconduct is at the heart of the incident": Stevenson was the tow truck driver, Thompson was with Stevenson, and Williamson was the spotter.  (Dkt. 12 at 6.)

Plaintiff adds that his claims against these employees are based entirely on state law, so if he is not permitted to add the employees as defendants, he would be forced to file a separate action against them in state court. (*Id.*) That action, he contends, would be duplicative of this federal court action and would cause a waste of Plaintiff's resources and judicial resources. (*Id.*) The Court agrees. If the Court were to deny amendment, Plaintiff could still proceed against Defendants in this Court and could pursue a claim against the employees in state court. But "the redundancy, duplication of effort and expense, and multiplication of proceedings inherent in such parallel litigation is an injury to plaintiff that certain courts have deemed sufficient to satisfy this factor." *Starnes*, 2012 WL 3870413, at *4 (citing *Holiday Isle, LLC v. Clarion Mortg. Cap., Inc.*, No. 07-00798-CG-C, 2008 WL 1756369, at *3 (S.D. Ala. Apr. 11, 2008)). Thus, while Plaintiff may not be "significantly injured" if the Court denies his motion, he would still be forced to expend the time, effort, and expense necessary to pursue parallel litigation based on the same facts in two separate judicial fora. Accordingly, this factor weighs in favor of permitting the amendment.

### 4.    Other Equitable Considerations

The fourth factor allows the Court to consider any other factors which bear on the equities.  In balancing the equities, the parties are not on equal footing, as the Court gives consideration to the defendant's right to choose the federal forum.  *Hensgens*, 833 F.2d at 1182.  Defendants' interest in proceeding in federal court weighs against amendment.  But the expense, waste of judicial resources, and risk of inconsistent outcomes that would result from denying the amendment and requiring Plaintiff to initiate parallel litigation in state court strongly weigh in favor of allowing the amendment.  And more generally, this is not a case in which Plaintiff has engaged in inequitable conduct.  There is no indication that he has been manipulative, deceptive, or dilatory in any respect.

The Court concludes that, under the four factors, the balance of the equities favors amendment.

### B.    Changing Plaintiff's Capacity

Plaintiff moves the Court to change the capacity of Plaintiff from "Ladarius Lamar, individually and acting as parent of Juvenile Child" to "Ladarius Lamar, individually and as parent of L.L., a minor."  (Dkt. 16

at 1.)  Defendants do not oppose this request.  (Dkt. 20.)  The Court grants
it.

### C.   Correcting Westlake's Name

Plaintiff seeks to correct Westlake's name from Westlake Portfolio
Management to Westlake Portfolio Management, LLC.[2]  (Dkt. 12 at 1.)
Defendants do not oppose this request.  (Dkt. 20.)  "[C]ourts have
routinely allowed a plaintiff to correct his pleadings under Rule 15 to
designate a defendant's name properly, provided that the defendant has
notice of the proceedings and knows or should know that the action was
being brought against it."  *Pears v. Mobile Cnty.*, 645 F. Supp. 2d 1062,
1083 (S.D. Ala. 2009) (collecting cases).  There is no disputing that
Westlake is aware of this lawsuit—it has been actively engaged in this
lawsuit by filing a notice of removal, answer, motion to dismiss, and
response to Plaintiff's motion.  (Dkts. 1; 5; 7; 20.)  Westlake has also
repeatedly emphasized that it is improperly named.  (Dkts. 5 at 1; 7 at

---

[2] In his motion, Plaintiff technically asks to correct Westlake's name to
"Westlake Portfolio, LLC."  (Dkt. 12 at 1.)  Because Plaintiff's proposed
amended complaint uses "Westlake Portfolio Management, LLC" (Dkt.
12-3), and Defendants say Westlake's correct name is "Westlake Portfolio
Management, LLC" (Dkt. 20 at 1), the Court assumes "Westlake
Portfolio, LLC" is a typographical error.

1.)  Plaintiff may amend the complaint to cure the misnomer.  *See, e.g.*, *SIS, LLC v. Stoneridge Software, Inc.*, No. 1:17-CV-01816-ELR, 2018 WL 10582334, at *2 (N.D. Ga. July 17, 2018) (granting the plaintiff's request to correct the defendant's name from Stoneridge Software, Inc. to Stoneridge Holdings, Inc. because the defendant did not oppose the amendment and referred to itself using the latter name at the beginning of its brief).

### D.   Adding Agency Language

Because Defendants raised issues of agency in their motion to dismiss, Plaintiff seeks to add agency language to the complaint to clarify paragraphs 28–31.  (Dkt. 12 at 7.)  According to Plaintiff, his original complaint "clearly puts Defendants on notice of the agency issue between Westlake and AAR and its employees," but Plaintiff wishes to clarify it further and "set[] forth the relationships between the corporate defendants and AAR employees."  (*Id.*)  Defendants do not oppose this request.  (*See generally* Dkt. 20.)  The Court grants Plaintiff's request to add agency language.

11

## III.  Conclusion

The Court concludes that, under the four factors, the balance of the equities favors amendment.  The Court **GRANTS** Plaintiff's Motion for Leave to Add Parties, Substitute a Party, and Correct a Misnomer (Dkts. 12; 16).  The Court **DIRECTS** the Clerk to file Plaintiff's amended complaint located at Document 16-1 on the docket.

The Court **DENIES AS MOOT** Defendants' motion to dismiss (Dkt 7).[3]

Allowing the joinder of Marvin L. Thompson, Maria Williamson, and Alan Stevenson will destroy subject matter jurisdiction.  Therefore, remand is required.  The Court **REMANDS** this action to the State Court of Cobb County, Georgia.

**SO ORDERED** this 7th day of October, 2021.



MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[3] "An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint." *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n.1 (N.D. Ga. 2013).